NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MOHAMUD ABDI-HASSAN, | No. 19-70044 |
| Petitioner, | Agency No. A213-081-948 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2019**

Before: CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Mohamud Abdi-Hassan, a native and citizen of Somalia, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT"),

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and denying his motion to remand. Our jurisdiction is governed by 8 U.S.C.

§ 1252. We review for substantial evidence the agency's factual findings, applying

the standards governing adverse credibility determinations created by the REAL

ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review

for abuse of discretion the denial of a motion to remand. *Romero-Ruiz v. Mukasey*,

538 F.3d 1057, 1062 (9th Cir. 2008). We grant in part, deny in part, and dismiss in

part the petition for review, and we remand.

The agency found Abdi-Hassan not credible based on an inconsistency

between his testimony and medical report, and Abdi-Hassan's demeanor.

Substantial evidence does not support the agency's adverse credibility

determination. *See Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011) (adverse

credibility finding not supported under the totality of the circumstances); *Zhi v.

Holder*, 751 F.3d 1088, 1093 (9th Cir. 2014) (IJ impermissibly based adverse

credibility finding on "speculation and conjecture"). Thus, we grant the petition

for review as to Abdi-Hassan's asylum, withholding of removal, and CAT claims,

and we remand to the agency for further proceedings consistent with this

disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

The BIA did not abuse its discretion in denying Abdi-Hassan's motion to

19-70044

remand where he failed to demonstrate that the evidence he sought to submit would likely have changed the outcome of his case. *See Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (petitioners who seek to remand proceedings "bear a 'heavy burden' of proving that, if proceedings were reopened, the new evidence would likely change the result in the case." (citation omitted)).

To the extent Abdi-Hassan asserts he is a member of the class identified in *Rojas v. Johnson*, 305 F. Supp. 3d 1176 (W.D. Wash. 2018), the record indicates the IJ determined that his asylum application was filed within the one-year deadline.

We lack jurisdiction to consider Abdi-Hassan's contentions regarding humanitarian asylum, lack of legal counsel, the denial of his due process rights, the adequacy of the transcription of the record, and his eligibility for deferral of removal under CAT. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency); *see also Morgan v. Gonzales*, 495 F.3d 1084, 1089-90 n.2 (9th Cir. 2007) (claim that the IJ denied procedural due process must be raised before the BIA).

The government must bear the costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part;**

19-70044

**DISMISSED in part; REMANDED.**